*E-Filed 10/20/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHUNG KAO,      No. C 15-2908 RS (PR)

    Petitioner,     **ORDER TO SHOW CAUSE**

  v.

RONALD DAVIS,

    Respondent.

_____/

## INTRODUCTION

Petitioner, now housed at San Quentin, seeks federal habeas relief under 28 U.S.C. § 2254 from the loss of good time credits imposed by his jailors at the R.J. Donovan Correctional Facility. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. **Respondent shall file a response to the petition on or before January 22, 2016.**

This Court's jurisdiction over a petition for habeas relief from a prison disciplinary decision has been called into question by *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015). In his first response to the petition, respondent shall address, preferably by way of a motion to dismiss, whether (1) *Nettles* requires dismissal of the instant action, and (2) petitioner can or should bring his claims through a civil rights action under 42 U.S.C. § 1983.

## BACKGROUND

According to the petition, in 2012, petitioner received an unconstitutional disciplinary hearing and was deprived of 60 days of good time credits. It appears petitioner has

exhausted his state judicial remedies.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that his jailors deprived him of due process (1) at his disciplinary hearing, and (2) when he attempted to pursue his administrative grievances regarding the hearing. When liberally construed, these claims appear to be cognizable in a federal habeas action.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is GRANTED. The Clerk shall terminate Docket No. 2.

**IT IS SO ORDERED**.

DATED: October 20, 2015

RICHARD SEEBORG
United States District Judge