UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHUNG KAO, | No. C 15-02908 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RONALD DAVIS, Warden, | |
| Respondent. | |

This federal habeas action cannot proceed and will be dismissed. Petitioner seeks federal relief from a prison disciplinary decision. When he filed this action, a petition for writ of habeas corpus was a possible method by which to obtain such relief. This is no longer so. Now, the federal relief he seeks can be obtained only through a civil rights action brought under 42 U.S.C. § 1983. *Nettles v. Grounds*, No. 12-16935, 2016 WL 3997255, at *5–*6 (9th Cir. July 26, 2016) (claims regarding prison disciplinary decisions are not within "the core of habeas corpus" and now must be brought under section 1983, "if at all").

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when *Wilwording* was decided there have been significant changes in the law. For instance, the

No. C 15-02908 RS (PR)
ORDER OF DISMISSAL

filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400[1] and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

Two other considerations militate against this Court construing the petition as a section 1983 suit. First, prior to filing a section 1983 suit, a prisoner-plaintiff must exhaust his claims administratively through his prison's grievance system. 42 U.S.C. § 1997e(a). An unexhausted section 1983 complaint must be dismissed, *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006), therefore this Court may not stay the current action to allow petitioner to exhaust. Second, the petition is not amendable to conversion because it does not name the proper defendant. *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). In view of these potential pitfalls for petitioner if the Court were to construe the petition as a civil rights complaint, this action is DISMISSED without prejudice to petitioner filing a section 1983 action.

Respondent's motion to dismiss (Docket No. 4), which rests on habeas law, is DENIED as moot. The Clerk shall terminate Docket No. 4, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: August 3, 2016

RICHARD SEEBORG
United States District Judge

---

[1] If petitioner is granted IFP status, the total fee will be $350.00.